FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 21 2019

BY
DEPUTY

SEALED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § | NO. 6:19-CR-47<br>JUDGE(S) JDK/KNM |
| EARNEST LEON STEPHENS | § | |

# INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT ONE

Violation: 21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute and
Distribution of Methamphetamine)

On or about April 18, 2017, in the Eastern District of Texas, defendant **Earnest Leon Stephens**, did knowingly and intentionally possess with intent to distribute 5 grams or more of actual methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT TWO

Violation: 21 U.S.C. § 841(a)(1)
(Possession with Intent to Distribute and
Distribution of Methamphetamine)

On or about May 3, 2017, in the Eastern District of Texas, defendant **Earnest Leon Stephens**, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT THREE

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with Intent to Distribute Methamphetamine)

On or about August 30, 2017, in the Eastern District of Texas, defendant **Earnest Leon Stephens**, did knowingly and intentionally possess with intent to distribute 50 grams or more of actual methamphetamine, a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

## COUNT FOUR

> Violation: 18 U.S.C. § 924(c)
> (Use, carrying, and possession of a firearm during and in furtherance of a drug trafficking crime)

On or about August 30, 2017, in the Eastern District of Texas, defendant **Earnest Leon Stephens**, did knowingly use and carry a firearm during and in relation to, and did knowingly possess a firearm in furtherance of, a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with intent to distribute methamphetamine as charged in Count Three of this indictment. The firearm was a Charles Daly, model 1911, .45 caliber pistol.

In violation of 18 U.S.C. § 924(c).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
Pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), & 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this indictment, the defendant herein shall forfeit to the United States, pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461:

1. any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation(s);

2. any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation(s), and/or;

3. any and all firearms, ammunition and accessories seized from the defendant, including, but not limited to the following:

    1) a Glock, model 22, .40 caliber pistol, bearing serial number BKZ002US;
    2) a 30-round Scherer magazine with 15 rounds of .40 caliber ammunition;
    3) an Anderson, model AM-15, .223 caliber rifle, bearing serial number 3363F12, with a magazine and 26 rounds of .223 caliber ammunition;
    4) a Featherlite, model 37, 12-gauge shotgun, bearing serial number 371512964 with 7 rounds of ammunition;
    5) a New Frontier, model LW-15, .223 caliber rifle, bearing serial number NLV50846, with a magazine and 40 rounds of .223 caliber ammunition;
    6) a Savage Arms, model 112, 300 REM Ultramag rifle, bearing serial number F903160;
    7) an H&R, model 929, .22 caliber pistol, bearing serial number AE 2147, with a magazine and 9 rounds of .22 caliber ammunition;
    8) a Colt, model .38 Special, .38 caliber revolver, bearing serial number 865784;
    9) a CCCP, unknown caliber pistol, bearing serial number 33702;
    10) a Clerke, .32 caliber pistol, bearing serial number 121515;
    11) a Charles Daly, model 1911, .45 caliber pistol, bearing serial number CD502626; and
    12) a set of ballistic vests.

**Cash Proceeds:**

A sum of money equal to $5,000.00 in United States currency and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the

defendant as a result of the offense(s) alleged in this indictment, for which the defendant is personally liable.

**Substitute Assets**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)  cannot be located upon the exercise of due diligence;
(b)  has been transferred or sold to, or deposited with a third person;
(c)  has been placed beyond the jurisdiction of the court;
(d)  has been substantially diminished in value or;
(e)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property, including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offense(s) alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461.

A TRUE BILL,

_____08/21/19_____          _____/s/_____
Date                          FOREPERSON OF THE GRAND JURY


JOSEPH D. BROWN
UNITED STATES ATTORNEY

_____
LUCAS MACHICEK
ASSISTANT U.S. ATTORNEY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| V. | § § | NO. 6:19-CR-____ |
| | § | JUDGE(S) _____ |
| EARNEST LEON STEPHENS | § | |

## NOTICE OF PENALTY

## COUNTS ONE-THREE

Violation:  21 U.S.C. § 841(a)(1)

Penalty:  If 50 grams or more of actual methamphetamine - imprisonment for not less than 10 years or more than life, a fine not to exceed $10,000,000, or both, and a term of supervised release of at least 5 years.

If 5 grams or more but less than 50 grams of methamphetamine (actual) - not less than 5 years or more than 40 years in prison, a fine not to exceed $5,000,000, or both, and a term of supervised release of at least 4 years.

Special Assessment:  $100.00

## COUNT FOUR

Violation:  18 U.S.C. § 924(c)

Penalty:  Imprisonment for a term of not less than 5 years or more than life, which must be served consecutively to any other term of imprisonment, a fine not to exceed $250,000, or both, and supervised release of not more than 5 years.

Special Assessment:  $100.00